Taylor, C. J.
delivered the opinion of the Court:
It has been the uniform practice of the Courts of Equity in this State, to make a mortgagee in possession account for the rents and profits, upon a bill filed for redemption. This is a necessary consequence of the principles which prevail in those courts relative to a mortgage, which is considered only as a security for money lent, and the mortgagee a trustee for the mortgagor. To sanction an opposite doctrine even in the cases of pledges, where the profits exceed the interest of the money lent, would be to furnish facilities for the evasion of the statute against usury, almost amounting to a repeal of that salutary law. Nothing can come more completely within the legal notion of a pledge, than the slave held by Holliday in the present case; for, by the *89 very terms of the contract, it was so to continue until the money should be paid, no legal property vesting in Holliday, who had only a lien upon it to secure his debt. All the profits therefore, exceeding the interest of his debt; he received to the plaintiff’s use, and cannot conscientiously withhold. Wherever a man receives money belonging to another, without any valuable consideration given, the law implies that the person receiving, promised to account for it to the true owner; and the breach of such implied undertaking, is to be compensated for, in the present form of action, which is, according to Mr. Justice Blackstone, “a very extensive and beneficial remedy, applicable to almost “every case where a person has received money, which ex “equo et bono, he ought to refund.” Nor is its application to a case like the present without authority from direct adjudication. The case of Astley v. Reynolds, in Strange 915, furnishes an instance of a man’s being allowed to receive the surplus which he had paid beyond legal interest, in order to get possession of goods which he had pledged. In principle, the cases are the same; the only thing in which they differ is, that in the case before us, the money was received by the defendant from the labour of the pledge; in the other, it was paid by the plaintiffs. We therefore think the plaintiff is entitled to judgment.